[Civ. No. 3705.   Fourth Dist.   Feb. 15, 1949.]

G. L. SPAHN et al., Appellants, v. W. A. THOMPSON,
Respondent.

L. Kenneth Say for Appellants.

McFadzean & Crowe for Respondent.

GRIFFIN, J.—By the prayer of their complaint plaintiffs
seek an accounting and dissolution of partnership. Defendant
owned a livestock auction business known as the W. A. Thompson Auction Sales Yard. About July 1, 1945, plaintiffs bought
a 40 per cent interest therein for $28,000. Five thousand dollars was paid down. Plaintiffs and defendant thereafter conducted the partnership business. In October, plaintiffs made
a further payment of $4,025.80 on the purchase price. No
further payments were made. According to defendant's claim,
the business resulted in a financial loss. Plaintiffs claim otherwise.

Plaintiffs entered into an oral agreement with defendant that the partnership should be dissolved as of February 28, 1946. This was done and defendant took exclusive possession. Plaintiffs' claim is for profits earned between July 1, 1945, and February 28, 1946.

Defendant denied the general allegations of the complaint, admitted that plaintiffs did, from time to time, demand an accounting of the business affairs, and alleged that he furnished them with full and detailed reports prepared by a certified public accountant; alleged that plaintiffs refused to complete payments on the purchase price; admitted that it was agreed between the parties that the partnership between them should be dissolved as of February 28, 1946, and that plaintiffs would not thereafter have any interest therein; that plaintiffs would share in 40 per cent of the profits, if any, and 40 per cent of the losses, if any, sustained by said business between July 1, 1945, and February 28, 1946, and that subject to adjustments for any loss, defendant would repay plaintiffs $9,025.80, which plaintiffs paid toward the purchase price of $28,000. He alleged that pending the agreed accounting defendant paid plaintiffs $7,000 of the $9,025.80 paid to him; that the audit and accounting showed that the business had operated at a loss during said period. In addition, defendant, by way of cross-complaint against Spahn, sought to recover on two unpaid drafts signed by Spahn totaling $6,077.87, which were given for the purchase of 62 head of cattle by Spahn from defendant in May, 1946.

By answer to the cross-complaint plaintiffs alleged that the statement rendered by the auditor was fictitious and false and that they were informed and believed that there was a profit made in excess of $6,077.87.

The trial court found generally in accordance with the claim of defendant and that he did furnish plaintiffs with a full and detailed report of the account of the business, prepared by a certified public accountant, and that said business did not make a profit during the period involved but in fact suffered a loss; that it was agreed that plaintiffs would have no rights in the business after February 28, 1946; that Spahn made and delivered the drafts set forth in the cross-complaint and took delivery of the cattle; that the drafts were presented for payment and payment was refused; that $6,077.87 was due and owing thereon. Plaintiffs were denied relief. Judgment was entered on the cross-complaint against Spahn for the amount claimed.

On appeal plaintiffs claim that they were not bound by the report of the auditor; that under their complaint for dissolution and accounting they had the right to an accounting in court, the right to inspect the books and to object to items set out in the auditor's account as not being proper charges against them, such as "depreciation charge of $3,891.32," and a claimed credit item due Kloppenburg in the sum of $1,142 for cattle allegedly delivered to the partnership.

The accountant's report was received in evidence without objection. The evidence is uncontroverted that the parties orally agreed that the partnership would be dissolved as of February 28, 1946. It was admitted that defendant took over its operation from and after that date and plaintiffs were not to participate in any gains or losses after that time. The partnership was dissolved at the time agreed upon without a court order declaring such dissolution. (Civ. Code, §§ 2423-24-25.) Under section 2424 of the Civil Code the partnership was not necessarily *terminated* but continued for the purpose of winding up all partnership affairs. The only affair remaining to be determined was the subject of accounting for the net profits or losses during the period agreed upon. A duly certified public accountant was named by the defendant for this purpose. Apparently there was no opposition to the accountant named. The objection, if any, was to the items contained in the accounting and the source and accuracy of the information furnished the accountant. The evidence is undisputed that an accounting was had. A conference with plaintiffs was arranged in respect thereto and the items of the account were discussed. Certain suggested amendments and deletions were made therein. The account was resubmitted and is now in evidence. The record does not show that it was, prior to the filing of this action, the desire of plaintiffs to have a separate independent accounting made by plaintiffs or that the books should be turned over to them for that purpose. The main objection at the trial, as we construe it, was that the court should have made an independent accounting in court. This does not appear to be the intention of the parties as expressed in their oral agreement of dissolution. However, it clearly appears that an accounting was had according to the agreement and the question for determination by the court was the correctness of that accounting.

The accountant testified in detail as to the method pursued in making the audit and that it was made in accordance with "accepted auditing practice."

Plaintiffs disputed certain items of the account. The burden then rested upon them to establish the incorrectness of the audit or items suggested. The court was quite liberal in allowing plaintiffs to examine the witnesses, including the accountant, as to each item challenged. Plaintiffs also produced their own witnesses endeavoring to establish the incorrectness of these items. In addition, plaintiffs produced certain evidence and witnesses endeavoring to show that Kloppenburg had advanced $1,142 for cattle claimed to have been delivered to the partnership and for which he had not received credit on the books. Defendant met this claim with the record indicating that no such payment had been made and that there was no delivery to the partnership of the cattle referred to. There was considerable testimony as to whether "depreciation" should be charged as part of the loss during the period plaintiffs were partners. The court properly found that this item should be considered as part of the loss. There is no showing that the trial court failed to consider or hear evidence on any item challenged by plaintiffs. They admitted that their conclusion that the partnership "operated at a profit" during that period amounted to nothing more than a supposition. They had never examined the books.

It is true that the trial court found that the plaintiffs demanded an accounting from time to time, but it also found that defendant, prior to trial, furnished them with full and detailed reports and that the business resulted in a loss and that their proportionate share was $2,265.58.

Believing that he was entitled to receive more money than defendant gave to him by way of settlement, plaintiff Spahn frankly admitted that after the dissolution of the partnership he purchased over $6,000 worth of cattle, at auction, from defendant's place of business and gave two drafts in payment of that account; that he never intended honoring the drafts and in fact he had payment stopped on them with the idea in mind that he would recoup some of the money he thought he had coming from defendant.

The evidence fully supports the trial court's conclusion that plaintiffs were not entitled to relief under their complaint and that defendant should recover on his cross-complaint the amount of the drafts.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.